UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-10802-RWZ

DISH NETWORKS L.L.C. and
NAGRASTAR L.L.C.

v.

TIMOTHY SULLIVAN

ORDER

October 20, 2020

ZOBEL, S.D.J.

Dish Network L.L.C. is a satellite television provider whose customers pay a subscription fee or a one-time price to receive programming. NagraStar L.L.C.'s proprietary technologies serve as locks allowing only authorized subscribers to access Dish's content. Together they bring claims against defendant, Timothy Sullivan, for violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(2), and the Federal Communications Act ("FCA"), 47 U.S.C. § 605(e)(4)[1]. They allege that he trafficked at least eleven passcodes to particular piracy software that unlocks Dish's programming without payment in a scheme known as "internet key sharing" ("IKS"). Plaintiffs seek damages under both statutes.

---

[1] Plaintiffs' complaint also contains three additional counts on which they have not requested default judgment.

Defendant was properly served with a summons and plaintiffs' complaint on May 5, 2020, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. His default was entered on August 4, 2020.

The FCA prohibits the sale of a "device or equipment" used to steal satellite television. 47 U.S.C. § 605(e)(4). It is unclear if a passcode is a device or equipment under the statute. The little case law that does so find has generally developed in situations such as this where the defendant has defaulted. E.g. DISH Network L.L.C. v. Peter Lopes, No. 1:19-cv-10327-DJC, ECF No. 25 (D. Mass. July 30, 2019); DISH Network LLC v. Dillion, No. 12cv157 BTM(NLS), 2012 WL 368214 (S.D. Cal. Feb. 3, 2012). Further, while defendant trafficked in passcodes, plaintiffs cite cases in which *piracy software* is determined to be a "device or equipment." See, e.g., id.; DISH Network L.L.C. v. Ward, No. 8:08-cv-00590-JSM-TBM, ECF No. 77 (M.D. Fla. Jan. 8 2010). Thus, it is unclear if the FCA applies to this situation.

No such uncertainty exists under the DMCA, which prohibits trafficking "in any technology, product, service, device, component, or part thereof" that is "primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a [protected] work." 17 U.S.C. § 1201(a)(2). This broad definition clearly encompasses a passcode.

Therefore, plaintiffs are entitled to judgment on Counts 1 and 2, including $27,500 in associated damages provided under the DMCA (eleven violations at $2,500 per violation). No further damages will be awarded because of the concern regarding the FCA's applicability discussed above. In addition, plaintiffs' request for injunctive relief is allowed. As Counts 3 through 5 of the complaint remain, the entry of judgment

is premature. See Fed. R. Civ. P. 54(b).  By November 6, 2020, plaintiffs shall advise the court of their proposed disposition of these counts.

<div style="display:flex">

October 20, 2020
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

</div>